**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

AHMAD HARRY, #321439,

        Petitioner,

v.                             CIVIL ACTION NO. 2:06cv28

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

**OPINION AND ORDER**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge for decision, with the consent of the parties, by Order dated April 27, 2006, pursuant to the provisions of 28 U.S.C. § 636(c), Rule 72 of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

**I. STATEMENT OF THE CASE**

**A. Background**

On August 29, 2002, Petitioner, Ahmad Harry ("Harry"), was found guilty in a bench trial of one (1) count of possession of a firearm by a convicted felon, one (1) count of possession of a sawed-off shotgun by a convicted felon, and one (1) count of possession of a concealed weapon by a convicted felon, in the Circuit Court for the City of Suffolk, Virginia. Harry was sentenced to serve fifteen (15) years in prison, of which ten (10)

years were suspended, as reflected in the Court's Sentencing Order entered on May 9, 2003.

Harry subsequently noted his appeal[1] to the Court of Appeals of Virginia ("Court of Appeals"), which denied the appeal on the merits on December 11, 2003.[2] No. 1274-03-1 (per curiam).

On February 17, 2004,[3] Harry filed a pro se petition for a

---

[1]The grounds for this appeal were essentially the following:
(1) The evidence was insufficient to establish that the defendant "possessed" the sawed-off shotgun.;
(2) The trial court abused its discretion in denying Harry's motion for a continuance in order to retain private counsel;
(3) The trial court erred in admitting Harry's 1996 juvenile felony conviction into evidence because the parental notification requirement was not met; and
(4) The trial court erred in denying Harry's motion for a new trial, and erred in denying Harry a continuance to obtain a transcript of the preliminary hearing testimony for impeachment.

[2]The Court of Appeals held that:
(1) The evidence was sufficient to prove beyond a reasonable doubt that Harry possessed the shotgun and was guilty of the charged offenses;
(2) The court did not abuse its discretion in denying the motion for continuance because the motion was entered on the day of trial, the private counsel did not appear on that date, and the defendant had taken no action to retain counsel in the two (2) months since he had been appointed counsel;
(3) The notice requirement is procedural and does not render the resulting conviction void; and
(4) The ground was procedurally barred from appellate review because the argument was not presented to the trial court.

[3]The Court notes that Harry's habeas corpus petition appears to have been executed on February 9, 2004, though it was not received and filed by the Circuit Court for the City of Suffolk until February 17, 2004. This predated the enactment of the prison mailbox rule for inmate filings in the Virginia trial courts, which became effective September 1, 2004, and which recognizes: a paper is timely filed by an inmate when "deposited in the institution's internal mail system with first-class postage prepaid on or before the last day of filing." Va. Sup. Ct. R. 3A:25. Accordingly, the

writ of habeas corpus in the Supreme Court of Virginia.[4] On April 30, 2004, the court entered an order granting Harry's motion to withdraw this petition; the order stated that the action was dismissed without prejudice. No. CL 04-53.

Harry subsequently requested a rehearing by a three-judge panel of the Court of Appeals, which was denied, on March 19, 2004, for the same reasons as set forth in the per curiam opinion. No. 1274-03-1. On April 16, 2004, Harry filed his petition for appeal with the Supreme Court of Virginia.[5] On September 13, 2004, the Supreme Court of Virginia summarily refused the petition for appeal. No. 040992.

On January 4, 2006, while in the custody of the Virginia Department of Corrections at the Southampton Correctional Center ("SHCC"), Harry executed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[6] The Court

---

Court considers Harry's state habeas petition to have been filed on February 17, 2004 for statute of limitations purposes.

[4]This petition essentially alleged that (1) trial counsel was ineffective for failing to consult with Harry's preliminary hearing counsel and obtain preliminary hearing transcripts in order to impeach witness testimony at trial, and (2) the evidence presented at trial was insufficient to support the conviction.

[5]This petition contained essentially the same four (4) claims as presented to the Court of Appeals. See supra, note 2.

[6]Harry's original federal petition for habeas corpus was executed on January 4, 2006. The petition was postmarked January 9, 2006, was received by the United States District Court for the Eastern District of Virginia, Richmond, on January 10, 2006, and was conditionally filed with this Court on January 19, 2006,

---

because it was not accompanied by the $5.00 filing fee or a request to proceed in forma pauperis, and was not completed on the prescribed form. On February 10, 2006, the Court entered an Order directing Harry to complete his petition on the correct form and remit the $5.00 filing fee because Harry did not qualify to proceed in forma pauperis. On September 14, 2005, the Court received the $5.00 filing fee.

On March 10, 2006, the Court received the $5.00 filing fee. On March 13, 2006, Harry executed a new petition on the prescribed form, which the Court received on March 16, 2006. On March 22, 2006, the Court entered an Order filing the petition.

The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004. As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions. In this case, as there is no evidence in the record to the contrary, the Court will assume that Harry delivered his federal habeas petition for mailing on the date he signed it, January 4, 2006.

Further, the Court considers Harry's petition as filed, for statute of limitations purposes, on that date. A federal habeas corpus petition is considered timely filed if it is deposited in the prison mailing system prior to the running of the statute of limitations, even if it does not comply with Rule 2 of the Rules Governing Section 2254 Cases or it lacks the requisite filing fee or in forma pauperis form. See Rule 3 2004 Advisory Committee's Notes (recognizing that Rule 3 is silent as to the filing date of a petition not submitted on the proper form or not accompanied by the filing fee or a motion to proceed in forma pauperis, and advising that the court clerk, in such instances, must "accept the defective petition and require the petitioner to submit a corrected petition.") See also Thompson v. Greene, 427 F.3d 263, 269 (4th Cir. 2005) (applying United States v. Vonn, 535 U.S. 55, 64 n.6 (2002) ("In the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of a rule.")); Nichols v. Bowersox, 172 F.3d 1068, 1076 (8th Cir. 1999) (holding that Rule 3 of the Rules Governing Section 2254 Cases "is not dispositive" for purposes of establishing the time of filing of a habeas petition); Harris v. Vaughn, 129 Fed. Appx. 684, 690 (3rd Cir. 2005) (holding that "the date of filing for statute of limitations purposes is the date that the [federal] habeas petition is received by the court or by the appropriate prison official (if the mailbox rule applies), regardless of whether payment or an [in forma pauperis] application is attached,

conditionally filed this petition on August 26, 2005. On March 10, 2006, Harry submitted the $5.00 filing fee, and on March 22, 2006, the Court filed his petition. On November 1, 2005, Respondent filed his Motion to Dismiss and Rule 5 Answer accompanied by a supporting memorandum and a Notice of Motion Pursuant to Local Rule 7(J).[7] On May 11, 2006 and June 5, 2006, Harry filed his responses to Respondent's Motion to Dismiss.[8]

## B. Grounds Alleged

Harry now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 because the evidence was insufficient to support his conviction. Harry asserted essentially the same claim for relief on direct appeal. Harry also states in the memorandum

---

as long as either follows within a reasonable time and there is no evidence of bad faith.")

[7] The Court notes that Respondent's Notice of Motion erroneously referred to the Local Rule 7(J), instead of Local Civil Rule 7(K), but the Notice complied with the requirements of Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975). This included advising Harry that he had twenty (20) days to file a response to the Motion to Dismiss. This Notice was mailed to Harry on April 20, 2006.

[8] On May 11, 2006, the Court received Harry's undated Motion for an Enlargement of Time, requesting an additional ten (10) days in which to file this response. The Court granted this motion on May 18, 2006. On May 11, 2006, Harry executed a "Motion to Oppose Respondent's Motion to Dismiss" ("Harry's First Response"), which the Court received on May 16, 2006. On June 5, 2006, Harry executed "Petitioner's Motion in Opposition to Respondent's Motion to Dismiss" ("Harry's Second Response"), which the Court received on June 7, 2006. The Court construes these filings to collectively constitute Harry's response to Respondent's Motion to Dismiss. The Court construes Harry's reference to the standard for an evidentiary hearing in his May 11, 2006, to constitute a motion for such a hearing, which the Court denies, infra.

accompanying the instant federal habeas corpus petition, but not as a specified ground, that his trial attorney was ineffective for not presenting sufficient rebuttal evidence.[9]

## II. PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING

As a preliminary matter, the Court considers Harry's motion for an evidentiary hearing. The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. See Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, the Court DENIES Harry's motion for an evidentiary hearing.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need not address the merits of Harry's habeas corpus petition because the Court FINDS that the petition is barred by the statute of limitations.

### A. Statute of Limitations

Harry's petition is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254, effective April 24, 1996, is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by

---

[9]Harry's state habeas petition contained an ineffective-assistance-of-counsel claim regarding counsel's failure to obtain and use for impeachment a transcript of Harry's preliminary hearing. As stated, supra, this petition was withdrawn upon Harry's motion and, therefore, Harry's state habeas ineffective-assistance-of-counsel claim was not adjudicated on the merits.

> a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

Ordinarily, Harry would have had one year from the date on which his conviction became final to file a petition for federal habeas corpus relief. His conviction became final on December 12, 2004, which was ninety (90) days after the September 13, 2004, denial of his petition for appeal by the Supreme Court of Virginia and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, Harry had until December 12, 2005, to file his federal petition for a writ of habeas corpus. Harry's petition was not executed until January 4, 2006,[10] which was more than twenty-three (23) days outside the applicable limitation period.

Normally, a person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending. 28 U.S.C. § 2244(d)(2).

---

[10]As noted supra, Harry's original federal habeas corpus petition was executed on January 4, 2006. Though it was not conditionally filed in this Court until January 19, 2006, by application of the mailbox rule, supra, the Court considers the petition to have been filed as of the date of execution for statute of limitations purposes.

Because Harry's state habeas petition was filed and withdrawn prior to his conviction becoming final, he was not entitled to any tolling while that petition was pending. Accordingly, his deadline for filing the instant petition remained December 12, 2005.

### B. <u>Equitable Tolling</u>

In addressing the timeliness requirement in the instant petition, Harry stated: "We do not have an adequate law library or jailhouse lawyers to have helped me. I received the assistance of a legal assistant as soon as he arrived to SHCC. Therefore, I should be excused if [sic] late filing." The Court construes Harry to argue that he should be excused from filing his petition late because the statute of limitations should be equitably tolled. Equitable tolling of the limitation period, however, is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000); <u>Little v. United States</u>, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002).

In his second response to Respondent's Motion to Dismiss, Harry cites <u>Strickler v. Water</u>, 989 F.2d 1375, 1385-87 (4th Cir.

1993) for the proposition that "the [c]ourts have not definitively established what resources a library must maintain to satisfy the right of access." Harry's Second Response, at 2. This proposition does not support, but tends to disfavor Harry's claim for equitable tolling. Further, Strickler dealt with a defendant, seeking access to the library in a local jail, who brought an "access to the courts" claim under 42 U.S.C. § 1983. Strickler, 989 F.2d at 1379. The Fourth Circuit declined to consider what materials a state facility needed to provide, but held that the local jail provided sufficient access to the courts by providing prisoners access to state and federal statutes and the Corpus Juris Secundum. Id. at 1386. Because Harry has not specified what materials he was unable to obtain from the prison library, this Court is unable to compare Harry's situation with the requirements in Strickler.

In any event, delays due to seeking legal advice, and related allegations of inadequate prison law libraries have consistently been held not to constitute the "extraordinary circumstances" to warrant the application of equitable tolling. Bilodeau v. Angelone, 39 F. Supp. 2d 652, 659 (E.D. Va. 1999) (refusing to excuse defendant's delay in order to seeking legal assistance because "[defendant] has no right to legal representation in habeas proceedings"); Payne v. Rushton, C. A. No. 2:04-23351-TLW-RSC, 2006 U.S. Dist. LEXIS 32735, at *11 (D.S.C. Feb. 13, 2006) (denying defendant's request for equitable tolling for late filing because

9

law library's failure to provide revised federal habeas filing deadlines did not "constitute 'extraordinary circumstances'").[11] Accordingly, the Court FINDS that Harry is not eligible for equitable tolling and that the instant petition is time-barred, and, accordingly, the Court DENIES the petition.

## IV. ORDER

For the foregoing reasons, this Court FINDS that it is unnecessary to conduct an evidentiary hearing, therefore, the Court DENIES Petitioner's request for an evidentiary hearing. The Court FINDS that the instant petition is time-barred due to being filed after the expiration of the statute of limitations, and FINDS that Petitioner has not established that he is entitled to equitable tolling. Accordingly, the Court DENIES the petition with respect to all of Petitioner's claims. The Court ORDERS that Petitioner's petition for writ of habeas corpus be DENIED, Respondent's motion to dismiss be GRANTED, and all of Petitioner's claims be DISMISSED WITH PREJUDICE.

Petitioner may appeal from the judgment entered pursuant to this Order by filing a written notice of appeal with the Clerk of this Court, United States District Court, Eastern District of Virginia, 600 Granby Street, Norfolk, Virginia 23510, within thirty

---

[11]The Court notes that Harry's allegation of ineffective assistance of counsel regarding presentation of rebuttal evidence at trial has no impact on the determination of equitable tolling for the instant petition, for which Harry has neither requested nor been appointed counsel.

(30) days from the date of entry of such judgment.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue a certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Opinion and Order to Petitioner, pro se, and to counsel of record for Respondent: Eugene Paul Murphy, Esq., Senior Assistant Attorney General of Virginia. Entered on October 25, 2006

                                                /s/  
                                      F. Bradford Stillman  
                                      United States Magistrate Judge